And so it may be said here that, if a reply is ordered, the plaintiff may not deny the execution and validity of the release, or may fail to allege facts sufficient to avoid the same, so that the defendant would be entitled to judgment upon the pleadings. Lincoln Trust Co. v. McVickar et al., 68 Misc. Rep. 132, 123 N. Y. Supp. 723.

I am of the opinion that the defendant's practice in moving for·a reply is correct, and that the court, in the exercise of a sound discretion, should grant the motion.

Motion granted directing plaintiff to reply to the further and separate defense set forth in paragraph 3 of the defendant's answer. Settle order on notice.

(89 Misc. Rep. 684)

### In re SPINGARN'S ESTATE.

(Surrogate's Court, New York County. March 5, 1915.)

WILLS ⬡⟿567—CONSTRUCTION—BEQUEST OF LIMITED AMOUNT.

Where testator's will read: "I give and bequeath to my beloved wife the sum of $30,000 and such sums payable to my estate upon my death from policies of life insurance, which sums, together with all policies of life insurance payable to her at my death, shall in the aggregate amount to $50,000, it being my intention that she shall receive $50,000 in all after my decease, which amount is to include all moneys collected at my death from life insurance policies whether in my name or hers," and provided that such sum was given in lieu of dower, and where the insurance policies, one payable to the wife, the other two payable to the estate, amounted with accrued premiums to $21,021.23—the widow was entitled only to the bequest of $30,000 and $20,000 from the proceeds of the policies, giving her in the aggregate the $50,000 provided.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1240; Dec. Dig. ⬡⟿567.]

Proceeding by Arthur B. Spingarn,·executor, against Bertha Spingarn, executrix, under Code Civ. Proc. § 2615, to obtain a construction of the last will and testament of Samuel H. Spingarn. Decree rendered.

Arthur B. Spingarn, of New York City, for petitioner.
Emanuel S. Cahn, of New York City, for respondent Bertha Spingarn.

FOWLER, S. This proceeding was instituted under section 2615, C. C. P., to obtain a construction of clause 28 of the last will and testament of Samuel H. Spingarn. Clause 28 of said will reads as follows:

"Twenty-eighth. I give and bequeath to my beloved wife, Bertha Spingarn, the sum of thirty thousand ($30,000) dollars and such sums payable to my estate upon my death from policies of life insurance, which sums, together with all policies of life insurance payable to her at my death, shall in the aggregate amount to fifty thousand ($50,000) dollars, it being my intention that she shall receive fifty thousand ($50,000) dollars in all after my decease, which amount is to include all moneys collected at my death from life insurance policies whether in my name or hers. This sum, together with the amount of property which my beloved wife already has, is deemed by me to be sufficient to

maintain her comfortably during the rest of her life, and is given in lieu of dower or right of dower which she may have or claim to have in and to my estate."

The testator executed his will on December 11, 1908, and died on November 27, 1913, almost five years later, leaving an estate valued between $400,000 and $500,000. It is expressly averred in the petition that there is a considerable surplus after paying all the debts, funeral expenses, expenses of administration, and the specific legacies, and that there is a sufficient sum in the residuary estate to pay the amount claimed by Bertha Spingarn under the twenty-eighth clause of testator's will. The thirty-seventh clause of testator's will authorizes and empowers, but does not direct the executrix and trustee to defer and postpone the payment of all legacies and bequests under the will until three years after his decease, except the legacy bequeathed to his wife, Bertha Spingarn, which "shall be paid her as soon after my decease as may be convenient and within the statutory period. * * *" Mrs. Spingarn, therefore, is at present in a position, as sufficiently appears from the petition, to make an application for the payment of her legacy. A construction of the will is, however, necessary before the application could be granted. But for these reasons, and the fact that the construction affects personal property only, I should have preferred to defer the construction until the accounting. It is admitted by the parties that testator was seventy-eight years of age when he executed his will, and that at the time of his death there were three policies of life insurance on the life of testator. These policies, together with accrued premiums, amounted to $21,021.23. One policy was a policy of $3,000, payable to Bertha Spingarn, and the other two policies were policies of $10,000 and $5,000 respectively, payable to testator's estate. The main question on this will is whether the widow is entitled to receive as her legacy under the twenty-eighth clause of the will the sum of $50,000 or whether she should receive the sum of $51,021.23, the aggregate of the life insurance, and the $30,000 given outright to the widow. The will of testator expressly limits the amount to be received by his widow from all sources to $50,000, and he immediately follows this expression of his testamentary intention with the words:

"This sum, together with the amount of property which my beloved wife already has is deemed by me to be sufficient to maintain her comfortably during the rest of her life."

It is, however, contended on behalf of Mrs. Spingarn that the testator bequeathed to his widow under clause 28 of his will the sum of $30,000, and all sums payable upon his death from policies of life insurance, and that the language of the twenty-eighth clause is so ambiguous and doubtful that the intention of testator to cut down the absolute gift, or to limit it to $50,000, is not clear. This is the whole question. It seems to me that the intention is clear and is to govern, and that by the twenty-eighth clause of the will the widow is entitled to receive $50,000 in the aggregate, and not $51,021.23.

Settle decree accordingly.